# Smith v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Appellant (No. 1).

*Negligence—Railroads—Contributory negligence—Explosion of naphtha— Case for jury.*

In an action against a railroad company to recover damages for personal injuries it appeared that through an accident in defendant's yard a number of tank cars containing a large quantity of naphtha were set on fire. This fire was communicated to other cars and there was an extensive and disastrous conflagration which lasted several hours. Three hours after the fire started there was an explosion which threw burning naphtha beyond the limits of the yard and on to the street where the plaintiff was walking. The plaintiff testified that he had come from his home on the opposite side of a river because of his apprehension that the fire might spread and extend to the house of his sister. Having assured himself of her safety he started at once to return to his home by the way he came. Not finding a car he walked on until one should overtake him. When he was opposite the place where the cars were burning and forty feet above and 260 feet from them, the explosion occurred. At this time the ordinary travel on the avenue had not stopped and the electric cars were running as usual. The employees of the railroad company and of the fire department were working in the yard within twenty or thirty feet of the cars. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 28, 1904. Appeal, No. 139, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1902, No. 608, on verdict for plaintiff in case of Charles F. Smith v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented these points:

1. Under the pleadings and evidence in this case the verdict should be for the defendant. *Answer:* Refused. [1]

2. It is the uncontradicted evidence in this case that at the time of the commission of the defendant's alleged negligent act, to wit: the collision and catching fire of the cars in the Sheraden yards, the plaintiff was miles away, in Allegheny city, and in a place of perfect safety; that plaintiff's attention was attracted to the conflagration at Sheraden by hearing the first violent explosion and seeing the smoke, and that explosion and smoke and the knowledge that the plaintiff had thereof was the cause of his going to Sheraden; that before plaintiff descended into the Cork's run valley he knew that the conflagration was not in dangerous proximity to his sister's dwelling and before he arrived at his sister's house he passed in close proximity to the burning tank cars, and had knowledge of the fact that the conflagration was caused by the burning tank cars. That after plaintiff arrived at his sister's house he went down on the street at the north side of the railroad, on the bank above the fire and stood there with his sister discussing the fire. That at that time there was a great conflagration raging and the escaping gas was making a loud and threatening noise. That from the place where he was when, as he testified, he made up his mind to go home, his nearest route lay along Zephyr and Glenmawr avenues, on the north side of the track, to the ferry at the mouth of Cork's run, but instead of taking this route he went west along the north side of the tracks to Sheraden station, crossed over the tracks and took the road known as Chartiers avenue, on the south side of the tracks and immediately adjacent to the railroad company's right of

way and yard where the conflagration was raging. That he walked along this road about 1,500 feet, directly towards the burning tank cars, and was at the time of the explosion in the immediate vicinity of the burning tank cars. That when he approached the burning tanks on the road he knew he was nearing a dangerous place and was taking the chances of getting past in safety.

Under these circumstances plaintiff took the risk of injury and the verdict should be in favor of the defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*William S. Dalzell*, of *Dalzell, Scott & Gordon*, for appellant.— Where one is in a place of safety at the time an act of negligence is committed which carries with it danger of personal injury, he cannot be heard to complain of the act of negligence if he subsequently voluntarily and without any necessity leaves his place of safety and suffers personal injury as a result thereof: Cooley on Torts, pp. 660, 661; 1 Kinkead's Commentary on Torts, sec. 243; Evansville, etc., R. R. Co. v. Griffin, 100 Ind. 221; Conroy v. Chicago, etc., Ry. Co., 96 Wis. 243 (70 N. W. Repr. 486); C. C. C. & St. L. Ry. Co. v. Ballentine, 84 Fed. Repr. 935.

*L. K. Porter*, with him *S. G. Porter*, for appellee.—In handling explosive substances involving the personal safety and lives of others, due care and diligence are nothing less than the most watchful vigilance, and most active diligence: Gudfelder v. Railroad Co., 207 Pa. 629; Keiser v. Gas Co., 143 Pa. 276; Dougherty v. Railroad Co., 171 Pa. 457; Penna. R. R. Co. v. Lewis, 79 Pa. 33.

In a negligence case (the defendant's negligence being proved) if there be any doubt upon the question of the contributory negligence of the plaintiff, either from inference or positive evidence, the case is for the jury: McCracken v. Consolidated Traction Co., 201 Pa. 378; Plonk v. Jessop, 178 Pa. 71.

OPINION BY MR. JUSTICE FELL, December 31, 1904:

The only question raised by the assignments of error is whether a verdict should have been directed against the plaintiff on the ground of contributory negligence. Through an accident in the defendant's yard at Sheraden a number of tank cars containing a large quantity of naphtha were set on fire. The fire was communicated to other cars in the yard and there was an extensive and disastrous conflagration which lasted several hours. Three hours after the fire started there was an explosion which threw burning naphtha beyond the limits of the yard and onto the street where the plaintiff was walking. The plaintiff testified that he had come from his home on the opposite side of the Ohio river because of his apprehension that the fire might spread and extend to the house of his sister in Sheraden. Having assured himself of her safety he started at once to return to his home by way of Chartiers avenue, a borough street, the route by which he had come. Not finding a car on the avenue he walked on until one should overtake him. When he was opposite the place where the cars were burning and forty feet above and 260 feet from them, the explosion occurred. At this time the ordinary travel on the avenue had not stopped and the electric cars were running as usual. The employees of the railroad company and of the fire department were working in the yard within twenty or thirty feet of the cars.

The plaintiff had passed the fire on his way to his sister's house and knew that some of the cars contained oil or naphtha and was hurrying by, but there was nothing in the situation so clearly indicating danger to one passing on the avenue that the court could have withdrawn the case from the jury. It was submitted on the narrow ground that a recovery could be had only in the event that the plaintiff was on the street in the pursuit of his legitimate business and not loitering or standing there out of curiosity, and that the danger of an explosion was not so apparent that a reasonably prudent man would have recognized it and not attempted to pass.

The judgment is affirmed.